Spencer, J. (Dissenting)
If the pass-book, or bank-book, introduced in evidence, with all its written and printed matter, constitutes the contract of the defendants in the premises, the defense was full and complete, and the complaint should have been dismissed.
There was no fraud, nor wrong, nor gross neglect, on the part of the bank or its officers, established or alleged by the plaintiff. In fact, the evidence frees the defendants from all imputation of wrong in the premises. This is only a question as to which party shall bear a loss incurred without the fault of either.
In this pass-book was printed, among others, a rule providing that “The secretary will use his best efforts to prevent frauds ; but all payments made to persons producing the deposit books, shall be deemed good and valid payments to depositors respectively.”
The defendants paid sixty dollars to a man who had and presented the pass-book in which this sum was noted as paid, and at the same time this person presented an order for the money, purporting to be signed by plaintiff; and the signature was so much like her genuine signature that she could hardly deny the same to be hers on the trial, and I think the weight of testimony establishes beyond all question that, when first shown to her, she freely admitted it to be her signature. The jury, however, have found substantially that it was a forgery, and the question for review must be considered upon that position.
I hold that the defendants received this deposit subject to their rules and regulations as far as the same were set forth in the pass-book that was given to plaintiff, and in which the deposit was acknowledged.
The liability of the defendants must be based on the *448 contract, and the contract included this rule, under and subject to which they received this deposit. Their liability, as limited by these rules, printed in the passbook, is all that the plaintiff can or should claim and enforce in the premises. This pass book and its rules and regulations was the contract they offered to enter into with plaintiff, and it plainly stated the terms on which they would receive plaintiff’s money; and plaintiff, by depositing the money, and having it entered, and taking the bank-book as a voucher or evidence in her favor, accepted the terms of the contract thus offered, and she must be held thereby. The rule of law governing contracts with common carriers does not apply here, nor does the rule of commercial law that applies to ordinary bankers and banks of loan and deposit, and which holds the latter responsible for any money of their customers, paid on forged or altered checks and orders.
Savings banks are instituted for the benefit of their depositors as well as their stockholders, and the former are individually and collectively interested in and affected by these rules and regulations, for they receive a consideration for their deposit, namely, interest on their savings, the magnitude of which is in proportion to the profits of the business.
I think the salutary and safe rule of law for them is this : that depositors in savings banks are bound to inform themselves, and shall be presumed to know the rules and regulations of the institution who pays them for the use of their savings, in the way of interest and safety. But when, as in this case, the rules and regulations of the bank that control and govern the reception and payment of deposits are printed in and upon the pass-book, the voucher that acknowledges the loan or deposit they have made, I have no doubt whatsoever that they will be presumed to know what they are, and to be held subject to them ; therefore I hold that *449 these rules printed in the pass-book are a part of the contract between the bank and its depositors, and the deposits are received subject to and in accordance with those rules.
These savings institutions have been established and have grown up in this country for the convenience, interest, and the necessities of the poor.
The greater portion of all the deposits therein, and payments therefrom, are in small sums, and from a great multitude of persons, thus requiring the work of reception and payment during business hours to be done with great rapidity; and as a great many of the depositors can neither read, write, nor speak the English language, the work must be done with great simplicity. These facts have caused the adoption of the deposit or pass-book system. The very name popularly given to these books denote their service and use. They are given to the depositor as a pledge, token, or pass, that the money received and noted therein will not be .paid to any person, upon order or otherwise, unless this token or pass is produced.
The simplest minded of our people can understand this simple system. That the pass-book acknowledges the receipt of the money, and that no one can obtain their money from the bank without this pass, and if they take care of that their money is safe, and beyond the reach of any one but its rightful owner.
It would be onerous and unjust upon these institutions and upon their depositors if the rules of ordinary banks of deposit, in regard to the payment of checks and deposits, were strictly enforced, thus holding them liable for skillful forgeries of orders or checks presented with the pass-book, although they and their customers have agreed that the possession and presentation of the pass book shall authorize the payment.
This judgment and order should be reversed, and a new trial ordered, with costs to abide the event.